UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-279-GWU

SANDRA SIZEMORE, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Sandra Sizemore brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

07-279  Sandra Sizemore

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-279 Sandra Sizemore

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron

v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sizemore, a 43-year-old former general laborer and equipment operator with a high school education, suffered from impairments related to degenerative arthritis and an adjustment disorder.  (Tr. 19, 22).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 20, 22).  Since the available work was found to constitute a significant number of jobs in the national economy, she could not be considered totally disabled.  (Tr. 23).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Joyce Forrest included such non-exertional restrictions as (1) a limitation to performing simple repetitive tasks; (2) a limitation to low stress type work; (3) a limitation of ability in

attention and concentration to performance of simple, repetitive tasks and (4) a "moderately" limited ability to respond to supervision, co-workers and work pressures. (Tr. 252). Forrest identified a significant number of medium level jobs which could still be performed. (Tr. 252-253). Therefore, assuming that the vocational factors considered by Forrest fairly characterized Sizemore's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Sizemore's physical condition. Dr. Mark Burns examined the plaintiff and noted a normal physical examination as well as a normal orthopedic examination. (Tr. 138). Dr. Burns found no restriction with regard to the claimant's ability to sit, stand, move about, lift, carry, handle objects, hear, see, speak or travel. (Tr. 138). The ALJ's hypothetical question was consistent with this opinion. Dr. Lynnell Dupont, a non-examining medical reviewer, opined that the claimant would be restricted to the full range of medium level work. (Tr. 164-172). The medium level jobs cited by the vocational expert were consistent with this opinion. These reports provide substantial evidence to support the administrative decision.

Dr. Piyush Patel, another examiner, identified more rather severe physical limitations on an assessment form, including an inability to stand or walk for more than two hours or sit for more than four hours. (Tr. 198-200). Dr. Patel was not a treating source and his opinion was offset by that of Dr. Burns.

5

07-279 Sandra Sizemore

With regard to the framing of the mental factors of the hypothetical question, the undersigned finds no error. The mental limitations presented to Forrest were essentially consistent with those identified by Psychologist Greg Lynch who reported the existence of "slight" limitations with regard to performing simple, repetitive tasks, tolerating stress and pressures, or sustaining attention and concentration for simple repetitive tasks and "moderate" limitations in responding to supervision, co-workers or work pressures. (Tr. 118). Psychologists Edward Ross (Tr. 120) and Ilze Sillers (Tr. 149), the non-examining medical reviewers, each opined that Sizemore's mental problems were "less than severe." These reports provide substantial evidence to support the administrative decision.

Sizemore sought treatment for her mental problems at the Kentucky River Comprehensive Care Center. (Tr. 173-192). She was diagnosed with a major depressive disorder. (Tr. 182). However, more severe, specific mental limitations than those found by the ALJ were not identified.

Dr. Patel diagnosed a major depressive disorder and a generalized anxiety disorder with panic attacks. (Tr. 196). The examiner identified a number of very severe mental limitations including "no useful" ability to (1) perform detailed instructions, (2) maintain attention and concentration for extended time periods, (3) perform activities within a schedule, maintain regular attendance, and be punctual; (4) complete a normal workday or workweek; (5) respond appropriately to changes

07-279 Sandra Sizemore

in the work setting; and (6) set realistic goals or make plans independently of others. (Tr. 201-202). Dr. Patel's opinion was offset by that of Lynch.

Sizemore argues that the ALJ erred in evaluating her testimony concerning her pain by failing to provide specific reasons for rejecting the credibility of her complaints. However, the ALJ noted a number of reasons for this finding including the plaintiff's lack of a regular treating physician, her failure to seek regular treatment for her alleged symptoms, and the lack of objective medical findings noted by Dr. Burns or even Dr. Patel. (Tr. 20-21). Therefore, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 7th day of May, 2008.

**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**

7